**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                                                NO. 2:05mj340

VERNON LEWIS PETWAY,

      Defendant.

### ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on October 6, 2005. For the reasons set forth below, the Court FINDS that there is probable cause to believe that the defendant committed the charged offenses and that his detention is warranted.

On September 23, 2005, the defendant was charged by criminal complaint with possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A).

At the hearing held on October 6, 2005, the defendant waived his preliminary hearing and stipulated probable cause. A defendant may waive his preliminary hearing. See Fed. R. Civ. P. 5.1(a)(1). Accordingly, the Court FINDS the existence of probable cause to

believe that the defendant committed the charged offenses.

The defendant then declined to put on evidence regarding his detention and waived his detention hearing.  A defendant may also waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f).  See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f)).  The Court also notes that the Pre-Trial Services Report indicates that the defendant has a lengthy criminal record, including a prior felony convictions for robbery, criminal possession of a weapon, sale and distribution of marijuana, escape with force, as well as convictions for numerous misdemeanor charges.

In reaching its determinations herein, and accepting the defendant's waiver of his rights to both preliminary and detention hearings, the Court took into account the defendant's demeanor and concluded that he understood the nature and consequences of his waiver of his rights to both hearings.  The Court also notes that the defendant was represented by counsel when he waived his rights to preliminary and detention hearings.

With respect to the issue of detention, the Court FINDS that the defendant should be detained pending trial.  The Court therefore ORDERS the defendant DETAINED pending trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118,

1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 6th day of October, 2005.

                                                   /s/
                                     F. Bradford Stillman
                                     United States Magistrate Judge